IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRYL SCOTT, | ) | No. C 10-5554 JSW (PR) |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| R. GROUNDS, Warden, | ) | (Docket No. 2) |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the California Training Facility, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the Governor of California to deny him parole in 2008. He has paid the filing fee. This order dismisses the petition for failing to state a cognizable claim for federal habeas relief.

## DISCUSSION

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.   Legal Claims

Petitioner claims that the denial of parole violates due process because it was not supported by "some evidence."

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 4-5. The Constitution does not require more. *Id.* at 5. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Id.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 6.

In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, the petition for writ of habeas corpus is fails to state a cognizable claim for relief.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is

warranted in this case

    The Clerk shall enter judgment and close the file.

    IT IS SO ORDERED.

DATED: <u>February 9, 2011</u>

*Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

DARRYL SCOTT,

        Plaintiff,

  v.

R GROUNDS et al,

        Defendant.

Case Number: CV10-05554 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Scott
P.O. Box 689
D86006
Soledad, CA 93960-0689

Dated: February 9, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk